# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2020

Lyle W. Cayce
Clerk

No. 19-60820

Jermaine Alexander Ramsey,

*Plaintiff—Appellant*,

*versus*

Management Training & Corporation, MTC; Warden Patricia Doty; Deputy Warden Harold Taylor; Hunter Williamson, Chief Medical Personnel,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:18-CV-178

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Jermaine Alexander Ramsey, Mississippi prisoner # 108263, moves for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 suit wherein he sought damages

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

against the private operator, warden, deputy warden, and chief medical officer of the Marshall County Correctional Facility based on alleged deliberate indifference to his serious medical needs and retaliation. By moving to proceed IFP, Ramsey challenges the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his brief before this court, Ramsey presents only conclusional assertions that the defendants denied or delayed access to medical care and failed to provide adequate staffing. He offers no argument addressing the individual defendants' personal involvement in his alleged injuries or the magistrate judge's conclusion that he failed to satisfy the deliberate indifference standard. By failing to identify any error in the magistrate judge's reasoning as to his deliberate indifference claims, Ramsey has abandoned the claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Turning to the claim of retaliation against the warden and deputy warden, Ramsey contends that summary judgment was improper because he established that the defendants intended to retaliate against him for filing grievances. In the district court, however, Ramsey claimed that he was retaliated for a prior lawsuit against Management Training & Corporation (MTC), which concerned an incident at another facility it operated in Mississippi. We do not consider new facts or theories for relief raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir.

1999).   Moreover, Ramsey does not identify any error in the magistrate judge's reasons for rejecting his retaliation claim.

In his brief, Ramsey also argues that he should be allowed to proceed on his equal protection claim because he was treated differently from similarly situated persons.   We do not consider this claim, which was not presented in the district court. *See Leverette*, 183 F.3d at 342.

Finally, Ramsey argues that the magistrate judge abused his discretion in denying Ramsey's request for discovery concerning MTC's "corporate policy and/or custom of 'code of silence.'"   Because Ramsey relies on vague assertions regarding the need for additional discovery, he has failed to show that the magistrate judge abused his discretion in denying the discovery motion. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

This appeal lacks arguable merit and is, therefore, frivolous. *See Howard*, 707 F.2d at 220.   Ramsey's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.   Ramsey's motion for the appointment of counsel is also DENIED as this case does not present exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).   Additionally, his petition for discretion, which relies upon appellate rules that either do not afford him the relief requested or are inapposite to the appeal at hand, is DENIED.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).   Ramsey is WARNED that if he accumulates two additional strikes, he may not proceed IFP in any civil action or appeal while he is

No. 19-60820

incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).